UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
::
JONATHAN TOBEY, on behalf of himself and all                        :        09-CV-1917 (ARR)(JMA)
similarly situated persons,                                         :
                                                                    :        NOT FOR
                                        Plaintiffs,                 :        PUBLICATION
                                                                    :
        -against-                                                   :        OPINION AND ORDER
                                                                    :
NATIONAL ACTION FINANCIAL SERVICES, INC.,                           :
                                                                    :
                                        Defendant.                  X

-----------------------------------------------------------------

ROSS, United States District Judge:

        Defendant National Action Financial Services, Inc. ("defendant") moves to transfer this

action to the Western District of New York. Plaintiff Jonathan Tobey ("plaintiff") cross-moves

to transfer this action to the Eastern District of Virginia. For the following reasons, plaintiff's

motion is granted and defendant's motion is denied.

## BACKGROUND

        Defendant National Action Financial Services, Inc. is a debt collection agency with a

single business location in Williamsville, New York, a suburb of Buffalo. (Labaki Aff. ¶¶ 1, 4.)

Plaintiff is a resident of Fairfax County, Virginia. (Am. Compl. ¶ 7.) Plaintiff commenced this

action in the Eastern District of New York on May 6, 2009 under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. In his amended complaint, plaintiff alleges

that on May 22 and 27, 2008, defendant's employee left messages on his home answering

machine but the employee failed to identify himself as a debt collector calling to collect a debt.

Plaintiff alleges the messages are false, deceptive, and misleading acts under 15 U.S.C. § 1692e.

Plaintiff seeks to bring this action on behalf of consumers nationwide who within one year before the filing of this action received telephone messages from the defendant in which the messages failed to disclose that the communications were from a debt collector.

Prior to filing this action, on January 23, 2009, plaintiff commenced a nearly identical putative class action in the Eastern District of Virginia. See Tobey v. Nat'l Action Fin. Serv., Inc., 1:09-cv-74(LO)(TRJ)(E.D.Va.). Plaintiff alleged that defendant's employee's failure to identify himself as a debt collector in the May 22 and 27, 2008 telephone messages violated the FDCPA. The action included an additional claim, not in this action, that defendant falsely represented that plaintiff was obligated to pay a debt that was in fact time barred. Defendant moved to dismiss the complaint or in the alternative to transfer the case to the Eastern District of New York, where a similar putative class action against the defendant alleging violations of the FDCPA, Anderson v. Nat'l Action Fin. Serv., Inc., 2:08-CV-4065(ADS)(WDW) (E.D.N.Y.), was pending before Judge Arthur D. Spatt. See Tobey, 1:09-cv-74(LO)(TRJ)(E.D.Va.)(Dkt. No. 13). Plaintiff initially opposed the motion to dismiss, but agreed to dismissal of the voice message claim so that it could be re-filed in the Eastern District of New York. See Tobey, 1:09-cv-74(LO)(TRJ)(E.D.Va.)(Dkt. Nos. 11); Pl.'s Reply Mem. Supp. Mot. at 2.[1] At a motion hearing on April 3, 2009, plaintiff supported a dismissal without prejudice for the voice message claim and as a result, the Eastern District of Virginia dismissed the voice message claim without prejudice. See Tobey, 1:09-cv-74(LO)(TRJ) (E.D.Va. April 3, 2009)(Dkt. Nos. 13, 14).[2]

---

[1] For this reason, plaintiff claims that defendant is now "playing a game of musical venue." (Pl. Mem. Supp. Mot. For Transfer at 3.)

[2] The parties reached a settlement on the remaining time-barred debt claim and the action was subsequently dismissed with prejudice. See Tobey, 1:09-cv-74(LO)(TRJ) (E.D.Va.) (Dkt.

On June 30, 2009, before plaintiff had the chance to request transfer of his case to Judge

Spatt, the Anderson action was voluntarily dismissed with prejudice pursuant to a stipulation.

See Anderson, 2:08-CV-4065(ADS)(WDW) (E.D.N.Y.)(Dkt. No. 17).[3] On October 16, 2009,

the parties filed the instant motions. Both parties agree that transfer is warranted but disagree

about the most appropriate venue.

## DISCUSSION

I.      Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a). The purpose of this provision is "to prevent waste of time, energy and

money and to protect litigants witnesses and [the] public against unnecessary inconvenience and

expense." Romano v. Banc of Am. Ins. Servs., Inc., 528 F. Supp. 2d 127, 129 (E.D.N.Y. 2007)

(quoting Mastercard Int'l Inc. v. Lexcel Solutions, Inc., No. 03 Civ. 7157(WHP), 2004 WL

1368299, at *5 (S.D.N.Y. June 16, 2004) (internal citations omitted)). The decision to transfer

an action "lies within the sound discretion of the district court." Minnette v. Time Warner, 997

F.2d 1023, 1026 (2d Cir. 1993).

A.      Appropriateness of Transferee Forum

---

Nos. 21-23).

[3] The parties agree that this action's only connection to this district was the Anderson
action. Defendant argues that plaintiff intended to keep the case in this district after Anderson
settled because plaintiff filed an amended complaint on July 17, 2009, asserting that venue was
proper here because the related Anderson case was pending in this district after being informed
by defendant of the Anderson dismissal. (Def. Mem. Opp. Pl. Mot. at 5.)

Under § 1404(a), the court must first determine whether venue would lie in both of the proposed transferee districts. 28 U.S.C. § 1391(b) provides, in relevant part: "A civil action . . . may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Defendant's business location is in Williamsville, New York. It therefore "resides" in the Western District of New York for purposes of § 1391(b) and this action could have been brought there. Similarly, defendant's employee telephoned and left a voice message at plaintiff's Fairfax County telephone number, and therefore plaintiff could have brought this action in the Eastern District of Virginia. See Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (holding that for purposes of § 1391(b), receipt of a collection notice is a substantial part of the events giving rise to a claim under the FDCPA). In addition, when plaintiff filed his initial action in the Eastern District of Virginia defendant did not move to dismiss for improper venue. The parties do not dispute that the action could have been brought in either the Western District of New York or Eastern District of Virginia.

B.     Convenience of Parties and Witnesses and Interest of Justice

Since this action could have been brought in the Western District of New York or the Eastern District of Virginia, the court must determine the appropriate forum with reference to the convenience of the parties and witnesses and the interest of justice. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 986 (E.D.N.Y. 1991)(citing Schneider v. Sears, 265 F. Supp. 257, 261 (S.D.N.Y. 1967)). Courts consider a number of factors in making this determination, none of which is individually dispositive. Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561

4

(S.D.N.Y. 2000). The factors include: (1) the plaintiff's choice of forum; (2) the place where the operative facts occurred; (3) the convenience of the parties; (4) the convenience of witnesses; (5) the relative ease of access to sources of proof; (6) relative means of the parties; (7) the availability of process to compel attendance of unwilling witnesses; and (8) the forum's familiarity with governing law. Aktiengesellschaft v. Milwaukee Electric Tool Corp., No. 04-CV-629(ARR)(ASC), 2004 WL 1812821, at *4 (E.D.N.Y. July 19, 2004); see also Kroll v. Lieberman, 244 F. Supp. 100, 102 (E.D.N.Y. 2003); Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995)(compiling cases). The burden of demonstrating the appropriateness of transfer by clear and convincing evidence lies with the moving party. Excelsior Designs, Inc. v. Sheres, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003).

1.    Plaintiff's Choice of Forum

The plaintiff's choice of forum is ordinarily given considerable weight and is disturbed only if the balance of convenience and justice weigh heavily in favor of the defendant's proposed forum. Toy Biz, Inc., 990 F. Supp. 328, 330 (S.D.N.Y. 1998)(collecting cases). It is significant that plaintiff initially chose to file this action in the Eastern District of Virginia and filed here only after defendant moved to dismiss the previous action or in the alternative transfer it to this district. However, a "plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than an individual action." In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995). "The reason is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." Glass v. S & M Nutec, LLC, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006). But "[a]ffording less deference to representative plaintiffs does not mean they are deprived of all

5

deference in their choice of forum." DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002). Plaintiff brings this action on behalf of "thousands of consumers" located "nationwide." (Am. Compl. ¶¶ 26-27.) Accordingly, this factor weighs in favor of plaintiff, but with less force than in other circumstances.

2. Location of Operative Facts

The key decisions at issue in this action as well as scripts for defendant's employees to follow when leaving messages on answering machines, if they exist, were made in the Western District of New York. The answering machine messages at issue were left by employees working in the Western District of New York. On the other hand, the plaintiff received the messages at issue in this action at his residence in the Eastern District of Virginia. The court finds the "locus of operative fact" factor neutral as between the Western District of New York and Eastern District of Virginia.

3. Convenience of the Parties

Plaintiff argues that the Eastern District of Virginia is far more convenient because that is where he resides and where he retained counsel for his initial action who is already familiar with the case. Plaintiff argues defendant would suffer negligible inconvenience by litigating in the Eastern District of Virginia because it is a national corporation capable of retaining counsel and producing witnesses wherever necessary throughout the United States, while plaintiff, an individual, would suffer greater inconvenience were the action transferred to the Western District of New York.

Defendant argues that convenience to plaintiff should be accorded less weight considering that plaintiff brings the action as a putative class action on behalf of thousands of

potential plaintiffs nationwide, citing Glass v. S & M Nutec, LLC, 456 F. Supp. 2d 498, 502

(S.D.N.Y. 2006). The Glass case is distinguishable, however, because in that class action, the

court noted that not one of the named plaintiffs was a resident of plaintiffs' preferred venue. See

id. Because it would be most convenient for plaintiff to litigate this action in Virginia and most

convenient for defendant to litigate in New York, the court finds that either side will be

inconvenienced no matter where this action proceeds. Accordingly, this factor is neutral.

    4.    Convenience of Witnesses

       Defendant argues that most of the possible witnesses with knowledge of the issues in the

litigation are employees located in the Western District of New York. Defendant states that any

employee who called plaintiff or developed policies behind the calls resides in the Western

District of New York. Defendant also argues that because this is a putative class action with

plaintiffs dispersed throughout the nation, plaintiff's potential witnesses would have to travel a

distance from their home states to either forum. While the plaintiff contests these assertions,

neither party has named or identified any witnesses that should be considered in the disposition

of this motion. See Saccoccio v. Relin, Goldstein & Crane, LLP, No. 06-CV-14351(DLC), 2007

WL 1334970, at *2 (S.D.N.Y. May 7, 2007). Defendant did not "clearly specify the key

witnesses to be called" and the nature of their testimony as required by the Second Circuit when

parties seek transfer under Section 1404(a). Panama Processes, S.A. v. Cities Serv. Co., 650

F.2d 408, 417 (2d Cir. 1981); see also Truk Int'l Fund, LP v. Wehlmann, No. 08-CV-8462, 2009

WL 1456650, at *4 (S.D.N.Y. May 20, 2009).

       In addition, the central issue in this case is simply whether a message left on plaintiff's

answering machine violates the FDCPA. Similar FDCPA claims have typically been decided on

summary judgment after depositions before trial. Under the Federal Rules of Civil Procedure, depositions of defendant's witnesses would likely be held in Williamsville, NY. This factor therefore favors neither party.

5.     <u>Location of Relevant Documents and Relative Access to Sources of Proof</u>

The single most likely source of relevant documents is defendant's office in Williamsville, New York, because that is where defendant's polices are determined. The only documents located in the Eastern District of Virginia are the notices and messages received by the plaintiff. This factor weighs in favor of a transfer to the Western District of New York, albeit marginally. <u>See</u> <u>In reStillwater Mining Co. Sec. Litig.</u>, No. 02-CV-2806, 2003 WL 21087953 at *5 (S.D.N.Y. May 12, 2003) ("While it is true that documents can be transported from state to state, for purposes of weighing transfer factors, the fact that documents are all currently located in [the transferee district] favors transfer."); <u>see also</u> <u>Ravenswood Inv. Co. v. Bishop Capital Corp.</u>, No. 04-CV-9266, 2005 WL 236440, at *6 (S.D.N.Y. Feb. 1, 2005)(explaining that superior access to documents is a factor weighing in favor of transfer, "even if marginally").

6.     <u>Relative Means of the Parties</u>

"Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F. Supp. 128, 135 (S.D.N.Y. 1994). Here, there is a disparity between the means of the two named parties. Plaintiff is an individual who claims to have no contacts in Buffalo and limited resources to litigate there. On the other hand, defendant is a national corporation that has defended actions throughout the United States. <u>See</u> <u>Chuway v. Nat'l Action Fin. Servs.</u>, 362

8

F.3d 944 (7th Cir. 2004); <u>Drossin v. Nat'l Action Fin. Servs.</u>, 07-61873-CIV, 2009 WL 2460895 (S.D. Fla. Aug. 7, 2009); <u>Costa v. Nat'l Action Fin. Servs.</u>, 634 F.Supp.2d 1069 (E.D. Cal. 2007); <u>Womack v. Nat'l Action Fin. Servs.</u>, No. 06-4935, 2007 WL 2155669 (E.D. Pa. July 25, 2007); <u>Powell v. Nat'l Action Fin. Servs.</u>, No. Civ. A. H050806, 2005 WL 1866150 (S.D. Tex. Aug. 4, 2005).

   Where plaintiff has demonstrated a willingness to litigate in a distant court, courts have weighed this factor against maintaining the case in plaintiff's preferred forum. See <u>Frame v. Whole Foods Market, Inc.</u>, No. 06-CV-7058, 2007 WL 2815613, at *6 (S.D.N.Y. Sept. 24, 2007). This case is unique, however, because plaintiff filed this case in a distant court only after filing the action in his home forum of Virginia and being persuaded by defendant to dismiss the claim and re-file in this forum. Although plaintiff is a frequent filer of FDCPA actions, with the exception of this case, he has filed all other actions in the Eastern District of Virginia, demonstrating his preference to litigate in Virginia.[4] This factor weighs in plaintiff's favor.

   7.   <u>Availability of Process</u>

   Defendant has a right to call live witnesses and although it does not specify whether any employee or former employee witnesses would be unwilling or unable to attend trial in Virginia, this potential difficulty would be reduced if the case were tried in New York, where the court could compel the attendance of any unwilling witnesses. See Fed. R. Civ. P. 45(a)(2)(A) & 45(c)(3)(A)(ii); <u>In reStillwater Mining Co. Sec. Litig.</u>, No. 02-CV-2806, 2003 WL 21087953 at *5 (S.D.N.Y. May 12, 2003). This factor must be accorded little weight, however, because

---

[4] Plaintiff filed three FDCPA actions prior to this case. See <u>Tobey v. Nat'l Action Fin. Servs.</u>, 09-CV-74(LO)(TRJ)(E.D.Va.); <u>Tobey v. Vital Recovery Servs., Inc.</u>, 08-CV-00833(LO)(JFA)(E.D.Va.); <u>Tobey v. MRS Assoc., Inc.</u>, 06-CV-1195(TRJ)(E.D.Va.).

defendant has not identified any witnesses it intends to call and this case is a relatively simple action likely to be decided on a summary judgment motion before trial.

8. Forum's Familiarity with Governing Law

Plaintiff's complaint raises issues of federal law, with which both potential transferee forums are equally familiar and equally capable of applying. This factor is neutral.

Based on the foregoing, two factors weigh in favor of transfer to the Eastern District of Virginia, two weigh in favor of the Western District of New York, and four are neutral. But the court accorded both factors weighing in favor of transfer to the Western District of New York little weight. Accordingly, this court finds that this action should be transferred to the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to transfer venue is granted and defendant's motion is denied. The Clerk of the Court is directed to transfer this action to the Eastern District of Virginia.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: November 4, 2009
       Brooklyn, New York

SERVICE LIST:

> Plaintiff's Attorney
> Brian L. Bromberg, Esq.
> Bromberg Law Office, P.C.
> 40 Exchange Place
> Suite 2010
> New York, NY 10005
>
> Defendant's Attorneys
> Andrew J. Wells, Esq.
> John G. Schmidt, Jr., Esq.
> Phillips Lytle LLP
> 3400 HSBC Center
> Buffalo, NY 14203

cc:        Magistrate Judge Joan M. Azrack